# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-50432
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS PEREZ,

Defendant-Appellant

————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-257-1

————————

Before GRAVES, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

Jose Luis Perez, federal prisoner # 35923-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on retroactive Amendment 782 to U.S.S.G. § 2D1.1. By moving to proceed IFP, Perez is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1997).  Our inquiry into a litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817, 826 (2010).  The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10(a).  *Id.*  If he is eligible, then the district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case.  *Id.* at 827.  We review the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

The district court found Perez eligible for the reduction under Amendment 782 but declined to exercise its discretion to reduce his sentence, determining that relief was unwarranted based on the § 3553(a) factors.  *See Dillon*, 560 U.S. at 826.  Perez argues that the district court's denial of his § 3582(c)(2) motion was an abuse of discretion, asserting that the court gave an insufficient explanation and failed to consider the § 3553(a) factors.  He urges that the district court should have given more weight to his post-sentencing rehabilitative efforts, and he contends that the district court mistakenly relied on untrue facts regarding his offense.  Perez also asserts that the district court erred in denying him appointed counsel.

The record reflects that the district court considered Perez's motion as a whole, gave specific reasons for its denial, and referenced the relevant § 3553(a) factors.  Perez thus cannot show an abuse of discretion on the district court's part.  *See Henderson*, 636 F.3d at 717; *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Further, Perez has not shown that the district court

No. 15-50432

erred in denying him counsel because there is no right to counsel in § 3582(c)(2) proceedings, and he has not demonstrated that his case is exceptional or that the interest of justice warranted such appointment. *See United States v. Whitebird*, 55 F.3d 1007, 1010–11 & n.3 (5th Cir. 1995); *see also United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

Perez has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.